## DUCK RIVER PRESERVATION ASSOCIATION, Plaintiff,

### v.

## TENNESSEE VALLEY AUTHORITY et al., Defendants.

### Civ. A. No. 1130.

United States District Court,
E. D. Tennessee,
Winchester Division.

Jan. 15, 1974.

Frank M. Fly, Murfreesboro, Tenn., Robert S. Brandt, Nashville, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, Thomas A. Pedersen, Knoxville, Tenn., Lon P. MacFarland, Columbia, Tenn., Upper Duck River Dev. Co., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The intervening defendants moved the Court to elide a portion of the second stipulation of facts of September 11, 1973 herein, to the effect that: " * * * The standing of Duck River Preservation Association is admitted." Such application hereby is GRANTED so the Court may consider a further motion of such defendants.

Such defendants by specific negative averments raise the issue as to the legal existence of the plaintiff Association and its capacity to sue, which averments include such supporting particulars claimed to be peculiarly within such defendants' knowledge. Rule 9(a), Federal Rules of Civil Procedure.[1] The particulars claimed to support such defendants' negative averments concerning the plaintiff's legal existence and capacity to sue are that the plaintiff is not legally constituted a corporation under Tennessee law, that it lacked the legal authority to commence this action, and that it has not authorized either the commencement or continuation of this action.

" * * * The capacity of a corporation to sue * * * shall be determined by the law under which it was organized. * * * " Rule 17(b), Feder-

---

1. The alternative motion of such defendants for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, is inappropriate in the present situation and hereby is DENIED.

al Rules of Civil Procedure. It is stipulated that a charter of incorporation of the plaintiff was filed by the secretary of state of the state of Tennessee on April 26, 1971. The corporate existence of a Tennessee corporation begins when the charter of the corporation is filed by the secretary of state in accordance with T.C.A. § 48–205. T.C.A. § 48–203.[2] A Tennessee corporation is prohibited from transacting any nonorganizational business or conducting any affairs until its charter is filed by the secretary of state. T.C.A. § 48–204.[3] With provisions for notice and waiver of notice thereof, Tennessee law provides that, after the existence of a corporation has begun, the incorporator shall hold an organizational meeting to transact such business as may come before the meeting. T.C.A. § 48–205.[4] At such organizational meeting, the incorporators adopt the initial by-laws of the corporation[5] and constitute the corporation's first board of directors.[6]

It is stipulated that the plaintiff's secretary, if called as a witness, would testify as to the authenticity of the minutes of the special meeting of December 16, 1973 of the board of directors of the plaintiff, a certified copy of which was filed herein. Such minutes reflect that on that date, all members of the plaintiff's board of directors were present; that the corporate charter was approved and ratified, effective as of April 26, 1971, the date the corporate charter was granted; that the constitution and by-laws of the plaintiff were approved and ratified, effective as of the date of their adoption on February 11, 1972 in a general membership meeting of the plaintiff; that resolution no. 1 approved and ratified the institution and continuation of this action; and that resolution no. 4 approved and ratified all previous actions taken theretofore by the officers, incorporators, attorneys, and members of the plaintiff's board of directors.

It would appear that plaintiff was legally constituted, except that its incorporators failed to hold an organizational meeting; instead, that a general membership meeting was had at which the plaintiff's constitution and by-laws were approved and directors were elected. In any event, the plaintiff is now a viable legal entity which commenced this lawsuit and whose directors have ratified the commencement and continuation hereof. Its act in commencing this lawsuit is not invalidated by the fact that the plaintiff may not have been so empowered or capacitated at the time this lawsuit was commenced. T.C.A. § 48–405.[7] Such lack of capacity or power

---

2. " * * * When the charter is filed by the secretary of state the corporate existence shall begin, and a copy of the charter certified by the secretary of state shall be conclusive evidence that the corporation has been incorporated under this chapter * * *." T.C.A. § 48–203.

3. " * * * A corporation shall not transact any business, conduct any affairs or incur any indebtedness except such as shall be incidental to its organization, * * * until (a) the charter has been filed by the secretary of state * * *." T.C.A. § 48–204.

4. " * * * After the corporate existence has begun, an organizational meeting of the incorporator or incorporators shall be held within or without this state, for the purpose of transacting such business as may come before the meeting. * * *" T.C.A. § 48–205.

5. " * * * The initial by-laws of a corporation shall be adopted by its incorporator or incorporators at the organizational meeting held pursuant to § 48–205. * * *" T.C.A. § 48–812.

6. " * * * The first board of directors shall consist of the incorporator or incorporators, who shall serve until their successor or successors are duly elected and qualified. * * *" T.C.A. § 48–803.

7. " * * * No act of a corporation * * * otherwise lawful, shall be invalid by reason of the fact that the corporation was without capacity or power to do such act * * *; but such lack of capacity or power may be asserted:

(a) in a proceeding by a director, shareholder or member against the corporation * *;

(b) in a proceeding by the corporation * * against the incumbent or former officers or directors of the corporation;

(c) in a proceeding by the attorney-general * * *." T.C.A. § 48–405.

may be asserted under Tennessee law in a proceeding by a director or member against the corporation, in a proceeding by the corporation against the incumbent or former officers or directors of the corporation, or in a proceeding by the attorney general of Tennessee. *Idem.* The act of the plaintiff in commencing and continuing this lawsuit being otherwise lawful, such act was not invalid.

The intervening defendants, not having shown the lack of legal existence of the plaintiff or its lack of capacity to sue herein, the Court hereby determines that the plaintiff does have capacity to sue herein.